GIBSON *v.* STATE BOARD OF EDUCATION.

4-6243                                                148 S. W. 2d 329

Opinion delivered March 10, 1941.

*Karl Greenhaw, O. E. & Earl N. Williams,* for appellant.

McHANEY, J. Appellants are qualified electors, citizens and taxpayers of Summers School District No. 19 of Washington county, Arkansas. They brought this action against appellees, State Board of Education and Earl Page, State Treasurer, "to enjoin them from making a loan to said school district from the revolving loan fund to aid in the construction of a building to be used as a gymnasium, library, and auditorium on the school grounds adjacent to the school building."

The complaint alleged the status of the parties; that said school district made application for a loan of $2,000 on October 6, 1939, for the purpose above stated, which was approved by the county judge of Washington county on October 7, 1939, on which latter date the secretary of the school board made an affidavit as to the indebtedness of the district, and on the same date the county clerk certified there were 96 poll taxpayers for 1938, residing in the district; that on March 15, 1940, the State Board of Education certified all the foregoing facts with all exhibits as a copy of the application of said district for said loan, and that same had been approved on December 11, 1939; that an election was held in the district, to determine whether it would apply for said loan, on January 20, 1940, at which 46 votes were cast for the loan and a three-mill tax, to pay for same, and 41 votes were cast against the loan and tax, which result was certified to the State Board of Education by the county court on January 30, 1940; that no application has been filed, so far as appellants are advised, in compliance with § 11557, Pope's Digest, and the State Board of Education has not passed upon such an application at this time and does not intend to do so; that an abstract of title and transcript have been transmitted to the State Board for examination by the Attorney General for approval or disapproval

of the title; that the State Board, unless restrained, will proceed to close said loan, prepare all papers and bonds, and will secure a mortgage on the lands and school equipment, and same will also be secured by the State apportionment due said district; that the directors of said school district intend to use the $2,000 borrowed and $1,000 which the district now has on hand to erect the building aforesaid with native stone, hardwood floors and self-supporting roof and that it cannot be constructed for $3,000; that a gymnasium is not needed, but the school has substantial needs and the revenues of the district are likely to be less from year to year; that if the loan is made, the future school program will be materially curtailed, to their irreparable injury; and that the making of said loan would be an illegal exaction and a dissipation of school funds, contrary to the constitution.

To this complaint a demurrer was interposed and sustained. Appellants declined to plead further and the complaint was dismissed as being without equity. This appeal followed. Appellees have not favored us with a brief.

The brief of appellants is devoted entirely to the establishment of the proposition that they have the legal right to bring this suit. The constitution, § 13 of art. 16, provides: "Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever." We assume, for the purpose of this opinion, that they have such right. The question then arises, Is this an illegal exaction? We think not, and if not, then the demurrer was properly sustained and the complaint dismissed, if the procedure prescribed by statute, § 11552 *et seq.*, Pope's Digest, has been complied with. The complaint alleges a substantial compliance with the statute, except it is alleged that § 11557 has not been complied with, so far as they are advised. That section provides that application for loans shall be accompanied by a certificate of the president and secretary of the district in substantial compliance with a form therein set out. This certificate relates to the result of the election required by § 11553,

which was held on January 15, 1940. This suit was filed March 20, 1940. No loan has as yet been made, but the application has been approved. We think we must assume that the State Board will require a substantial compliance with the provisions of § 11557 before any loan is made.

The buildings contemplated do not constitute an illegal purpose. We held in *Young* v. *Linwood School Dist. No. 7*, 193 Ark. 82, 97 S. W. 2d 627, that such a building was a school building within the meaning of § 59 of act 169 of 1931.

The trial court correctly sustained the demurrer, and its decree is accordingly affirmed.